GREENING VS. BISHOP.

BILL OF EXCEPTIONS. *Presumption when it is not certified to contain all the evidence.*

In an action for damages alleged to have accrued from defendant's negligence, a nonsuit was refused at the close of plaintiff's evidence, but granted after defendant's evidence was in. The bill of exceptions not being certified to contain all the evidence: *Held,* that the nonsuit must be *presumed* to have been justified by the evidence.

APPEAL from the Circuit Court for *Fond du Lac* County. This was an action for damages accruing to the plaintiff from the running away of his horses and the breaking of the wagon to which they were attached; the complaint alleging that the horses were frightened by a hog lying in a public highway on which plaintiff was then driving, and that the hog belonged to the defendant and was then and there unlawfully at large through his negligence. The answer was a general denial; but defendant admitted at the trial that the hog in question belonged to him, and "that the damage done to plaintiff was at least $44.95." The testimony for the plaintiff found in the bill of exceptions tends to show that the accident was caused by the presence of the hog in the highway, and that the animal had been at large nearly twenty-four hours. A nonsuit having been refused at the close of plaintiff's evidence, defendant introduced evidence tending to show that the hog escaped from his premises only a few hours before the accident, and without any negligence on his part. He then moved for a nonsuit upon the grounds, that the evidence did not disclose any cause of action against him, did not show him guilty of any neglect, and did not show the hog in question to be an animal likely to frighten horses of ordinary gentleness. The court granted a judgment of nonsuit, and the plaintiff appealed.

Jennings vs. Lyons.

The bill of exceptions is not certified to contain all the evidence.

The cause was submitted upon the brief of *E. T. Delany*, for the appellant, and that of *Eldredge, Thorpe & Hurley* for the respondent. The questions discussed in these briefs are not passed upon by the court.

PER CURIAM. It appears that when the plaintiff rested, the defendant moved for a nonsuit, which motion was denied. When the defendant closed the case on his side, he renewed the motion, and it was granted. It is claimed that this ruling was erroneous, and that there was sufficient evidence to carry the case to the jury upon the question whether or not the defendant was guilty of negligence in suffering the animal to be at large in the street.

There is no certificate that the bill of exceptions contains all the testimony given on the trial. Consequently we are unable to say that the nonsuit was wrong. In order to reverse the judgment, it must appear that the circuit court erred in granting the nonsuit; in other words, we must have some means of knowing that we have all the evidence before us upon which the court acted. Without a certificate that the bill of exceptions contains all the testimony, we must presume that the nonsuit was right and fully justified by the evidence which was before the court when the motion was granted.

The judgment of the circuit court is therefore affirmed.